In the Matter of the mental condition of Thomas WAHLQUIST.

No. 15702.

Supreme Court of Utah.

Sept. 22, 1978.

4. *Carlson v. Carlson*, Utah, 584 P.2d 864, (1978).

James R. Hasenyager of Utah Legal Services, Inc., Ogden, for appellant.

Robert B. Hansen, Atty. Gen., Paul M. Tinker, Asst. Atty. Gen., Salt Lake City, Robert L. Newey, Weber County Atty., Philip J. Williamson, Deputy Weber County Atty., Ogden, for respondent.

CROCKETT, Justice:

Appellant Thomas Wahlquist appeals from a February 21, 1978, order committing him to the State Mental Hospital for an indefinite time. That order was the culmination of extended proceedings during which treatment involving lesser restraint was attempted.

Appellant was committed to the custody of Weber County Mental Health by a court order of August 1, 1977. Dr. Harold L. Hansen signed the application pursuant to Section 64–7–36 of the Utah Code which resulted in the confinement order.

With the court's oral approval, appellant was in fact treated as an outpatient at Ogden's McKay Dee Hospital from August 1 until January 20, 1978. Dr. William R. Schmidt, who was engaged in the management of the case, then requested the court to approve appellant's involuntary confinement at McKay Dee Hospital. The court orally gave the requested instructions, and appellant was confined.

On February 14, appellant filed a petition pursuant to Section 64–7–45 of the Code for re-examination of the August 1 hospitalization order. Section 45 provides:

Any patient hospitalized pursuant to section 64–7–36 *shall be entitled to a re-examination* of the order for hospitalization on the patient's own petition, . . . to the district court. . . . Upon receipt of the petition, *the court shall conduct* or cause to be conducted by a mental health commissioner *proceedings in accordance with such section 64–7–36,* except that such proceedings shall not be required to be conducted if the petition is filed sooner than six months after the issuance of the order of hospitalization or the filing of a previous petition under this section . . . [Emphasis added.]

The pertinent language of Section 36 is:

(4) Within twenty-four hours after the order for detention or examination is given, the court shall appoint two designated examiners to examine the proposed patient . . . Said examiners shall orally or in writing report to the court their findings . . . . .

In response to appellant's petition and in accordance with Sec. 36 the court appointed Drs. Schmidt and Hansen to be "designated examiners."

On February 21, 1978, the court conducted a hearing on appellant's petition for re-

examination of the hospitalization order. The record reveals that Dr. Hansen had not examined appellant for several months and had filed no written report to the court. He was nevertheless permitted to testify over appellant's objections. Except for Dr. Schmidt, no other professional person qualified as a designated examiner testified at the hearing. At the conclusion of the hearing, the court entered the order (extending confinement and committing appellant to the State Mental Hospital) which is the subject of this appeal.

The question presented here relates to the nature of the proceeding the court must conduct when a re-examination petition under Section 45 is filed. Respondent urges that the court should be allowed to proceed in any appropriate manner to determine whether continued hospitalization is necessary. Appellant argues that the court must assure the same kind of investigation of his mental health status as was required for his original confinement.

■ However well intended, the confinement of a person in an institution for mental health treatment is just as effective a restraint on personal liberty as confinement in a prison and may, in some instances, be even more trying or burdensome. It is therefore essential that the rights of one so confined be treated with the same degree of respect as are the rights of persons deprived of their liberty upon accusation or conviction of criminal conduct. Consistent with that principle, it is important that there be full compliance with statutes setting forth the procedures for commencing and continuing such involuntary hospitalization.

■ The mental health statutes advisedly provide a number of safeguards for persons confined for mental health reasons. One of them is the opportunity to periodically activate a reinvestigation and have a judicial determination of the need for continued restraint. As will be seen from Sec. 45 quoted above, an essential aspect of the redetermination procedure is that it be done with the same safeguards prescribed in Sec. 36 for the original commitment. Also to be considered in conjunction with the two sections just referred to is Sec. 64-7-28(4) which prohibits the appointment of the person who files the application as a designated examiner in the case. The difficulty that exists here is that Dr. Hansen was thus disqualified to act as an examiner in this subsequent proceeding because it was he who signed the original application for appellant's commitment. Compounding this is the fact that he did not, after his appointment, make any re-examination of the appellant, nor make any report thereof in writing as Sec. 36 requires. The proceedings on appellant's petition for re-examination of his hospitalization order failed to comply with the statutes.

■ It is neither necessary, nor would it now serve any useful purpose, to set aside the order of February 22, 1978, by which appellant's hospitalization was continued in effect. Six months having elapsed since the order appealed from was entered, under Sec. 45 quoted above appellant is now entitled to a new investigation and determination in regard to his mental health and continued hospitalization. We think it appropriate and in the interests of the appellant, as well as for those concerned with his welfare, to remand this case for that purpose.

■ In regard to such proceedings, we make some further observations. We do not hold (as appellant argues we should) that the designated examiners must be persons who have had no previous association with the case. It may well be that the persons engaged in appellant's treatment or supervision are best able to judge his health. However, the person who signed the original application (Dr. Harold Hansen) may not act as examiner, whether the proceeding is under Sec. 36 or under Sec. 45. Dr. Schmidt is not disqualified to be an examiner merely because in January of 1978 he requested clarification and implementation of the court's previously issued order. Obviously, in accordance with Sec. 36, supra, the persons appointed as examiners must in fact examine the appellant and report their findings to the court.

Remanded for proceedings as may seem advised and in accordance with this opinion. No costs awarded.

MAUGHAN and WILKINS, JJ., concur.

HALL, Justice (concurring and dissenting):

I agree that by virtue of passage of time alone this case may be remanded for further re-examination[1] but I do not agree that such re-examination of the prior order of hospitalization requires the initiation of a totally new proceeding and the resultant appointment of new designated examiners.

The re-examination statute[2] does require "proceedings in accordance with such section 64–7–36"[3] but the logical and reasonable interpretation thereof dictates that compliance therewith does not require procedural repetition that serves no useful or necessary purpose.

The hospitalization statute[4] basically provides for notice, hearing, right to be present, testify and present witnesses, representation by counsel, and the taking of relevant and material evidence for the purpose of ascertaining mental illness and the need, if any, for hospitalization.

The obvious purpose of the re-examination is two-fold. It determines present need for continued hospitalization and affords necessary protection against unlawful deprivation of liberty. Those purposes are adequately served by a proceeding which complies with those basic requirements of the hospitalization statute hereinabove set forth and it in no way necessitates or requires a new beginning, nor does it require the appointment of new examiners.

Generally, the mental health facility or the physician in charge of the patient's care, having treated the patient for a period of six months, would be more knowledgeable as to the patient's condition than would a set of new examiners. However, I would leave it to the discretion of the court on a case by case basis as to whether or not further or additional medical examination would be necessary for it to reach the ultimate determination as to the need for continued hospitalization.

ELLETT, C. J., concurs in the views expressed in the concurring and dissenting opinion of HALL, J.

---

1. Provided for by U.C.A., 1953, 64–7–45.

2. Ibid.

3. Referring to U.C.A., 1953, 64–7–36 (the initial hospitalization statute).

